FILED
2020 AUG 19
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KURT NEWLAND,<br><br>      Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case #4:19-cv-00095-PK<br><br>Magistrate Judge Paul Kohler |

  This matter comes before the Court on Plaintiff Kurt Newland's appeal of the decision of the Social Security Administration denying his application for disability insurance benefits and supplemental security income. The Court held oral arguments on August 17, 2020. Having considered the arguments of the parties, reviewed the record and relevant case law, and being otherwise fully informed, the Court will affirm the administrative ruling.

### I. STANDARD OF REVIEW

  This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether his findings are supported by substantial evidence and whether the correct legal standards were applied.[1] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[2] The ALJ is required to consider all of the evidence, although he or she is not required to discuss all of the evidence.[3] If

---

[1] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[2] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[3] *Id.* at 1009–10.

1

supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.[4] The Court should evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[5] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[6]

## II. BACKGROUND

A.     PROCEDURAL HISTORY

On January 27, 2017, Plaintiff filed an application for disability insurance benefits and supplemental security income, alleging disability beginning on November 2, 2016.[7] The claim was denied initially and upon reconsideration.[8] Plaintiff then requested a hearing before an ALJ, which was held on November 26, 2018.[9] The ALJ issued a decision on December 12, 2018, finding Plaintiff not disabled.[10] The Appeals Council denied Plaintiff's request for review on September 23, 2019,[11] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[12]

---

[4] *Richardson*, 402 U.S. at 390.

[5] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[6] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[7] R. at 227, 231.

[8] *Id.* at 108, 110.

[9] *Id.* at 40–77.

[10] *Id.* at 11–29.

[11] *Id.* at 1–6.

[12] 20 C.F.R. § 422.210(a).

On November 18, 2019, Plaintiff filed his Complaint in this case.[13] The Commissioner filed his Answer and the administrative record on January 30, 2020.[14] On February 3, 2020, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[15]

Plaintiff filed his Opening Brief on February 26, 2020.[16] Defendant filed his Answer Brief on April 22, 2020.[17] Plaintiff filed his Reply on May 11, 2020.[18]

B.   MEDICAL HISTORY

Plaintiff has a long history of back pain. He underwent back surgeries in 2009 and 2012, before the relevant period.

Plaintiff has been seen by Gary M. Cole, D.O., for a number of years. In visits prior to the alleged onset date, Plaintiff consistently reported that his pain was controlled with his prescribed medications.[19] A note from March 2018 similarly stated that Plaintiff's medication helped his pain.[20] In a treatment note from April 2016, Dr. Cole opined that Plaintiff might be a candidate for disability and stated that he should try working "an office type job."[21]

---

[13] Docket No. 2.
[14] Docket Nos. 6, 7.
[15] Docket No. 13.
[16] Docket No. 15.
[17] Docket No. 19.
[18] Docket No. 20.
[19] R. at 358, 360, 362, 364, 367, 369, 371.
[20] *Id.* at 475.
[21] *Id.* at 373.

Plaintiff completed a Function Report on February 21, 2017.[22] Plaintiff reported pain that affected his abilities in a number of ways.[23] He also reported difficulty sleeping.[24] Plaintiff stated that he could perform household chores, but he required help and could only work in spurts.[25] Plaintiff reported that he could drive, but for no longer than 30 minutes.[26] Plaintiff also stated that he could walk for up to 1/2 mile, but also stated that he would need to rest every 300 feet.[27] He further indicated that he could not work a full day.[28]

Plaintiff underwent an independent medical examination conducted by Latifa Fakoya, D.O., in April 2017.[29] Dr. Fakoya noted that Plaintiff appeared in no acute distress, appeared to sit comfortably during the exam, demonstrated no pain-mitigating movements, did not appear uncomfortable getting on and off the examination table, and was able to spontaneously rise from a seated position.[30] Plaintiff's ambulation appeared normal and symmetric.[31] Dr. Fakoya's exam revealed mostly normal findings, though Plaintiff displayed discernable discomfort in his dorsolumbar region.[32] Dr. Fakoya opined that Plaintiff could sit for eight hours, stand for six

---

[22] *Id.* at 269–76.
[23] *Id.* at 269.
[24] *Id.* at 270.
[25] *Id.* at 271.
[26] *Id.* at 272.
[27] *Id.* at 274.
[28] *Id.* at 275.
[29] *Id.* at 379–85.
[30] *Id.* at 381.
[31] *Id.* at 383.
[32] *Id.*

4

hours, and walk for six hours during a normal workday.[33] Dr. Fakoya further opined that Plaintiff could lift 40 pounds and carry 30 pounds; occasionally bend, stoop, squat, crouch, and crawl; and frequently reach, push, pull, handle, grasp, finger, and feel.[34]

A.L. Carlisle, Ph.D., completed a psychological assessment of Plaintiff on April 12, 2017.[35] Dr. Carlisle diagnosed Plaintiff with major depressive disorder, generalized anxiety disorder, and posttraumatic stress disorder.[36]

In April 2017, state agency physician Kendrick Morrison, M.D., reviewed Plaintiff's medical records and opined that Plaintiff had the physical abilities consistent with performing light work.[37] State agency physician Richard Nielsen, M.D., reached the same opinion in June 2017.[38]

On June 13, 2017, Dr. Cole recommended that Plaintiff be put on disability because of his back, but also suggested that Plaintiff get retraining in an area that does not require physical labor.[39] Dr. Cole stated that he would "try to assist [Plaintiff] in any way possible to help him get on disability."[40]

---

[33] *Id.* at 384–85.

[34] *Id.* at 385.

[35] *Id.* at 387–90.

[36] *Id.* at 390.

[37] *Id.* at 86–88, 91–92.

[38] *Id.* at 121–23, 126.

[39] *Id.* at 399.

[40] *Id.*

5

Dr. Cole completed a physical assessment form in September 2017.[41] Dr. Cole opined that Plaintiff could walk two city blocks without rest or significant pain, sit for two hours in an 8-hour workday, and stand or walk for two hours.[42] Dr. Cole opined that Plaintiff would need to take daily unscheduled breaks that would last between two and three hours.[43] He further stated his belief that Plaintiff would be absent from work more than four times per month.[44]

C. HEARING TESTIMONY

At the hearing before the ALJ, Plaintiff described the limits his pain and mental health issues impose on him. Plaintiff stated he had difficulty grocery shopping and required help from his wife in putting on shoes and socks.[45] Plaintiff stated that he was able to drive for 45 minutes that day before his feet "shut down."[46] Plaintiff testified that he was unable to do laundry but was able to engage in other light housework.[47] Plaintiff further stated that he has to lie down four or five times a day.[48] Plaintiff stated that his depression and anxiety interfered with his ability to function.[49]

---

[41] *Id.* at 409–10.
[42] *Id.* at 409.
[43] *Id.*
[44] *Id.* at 410.
[45] *Id.* at 52.
[46] *Id.* at 53.
[47] *Id.* at 54.
[48] *Id.* at 56.
[49] *Id.* at 59.

A medical expert also testified at the hearing. The medical expert testified that he did not have adequate information to provide an opinion and stated that Dr. Fakoya's evaluation was "barely adequate."[50]

D.   THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from his alleged onset date of November 2, 2016.[51] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: a low back impairment; Raynaud's syndrome; carpal tunnel syndrome; an anxiety disorder; and depression.[52] At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment.[53] At step four, the ALJ determined that Plaintiff could not perform his past relevant work.[54] At step five, the ALJ found that Plaintiff could perform jobs that exist in significant numbers in the national economy and, therefore, was not disabled.[55]

## III.  DISCUSSION

Plaintiff raises two issues in his brief. The first is whether the ALJ erred in failing to properly address the medical opinion evidence from his treating physician, Dr. Cole. Plaintiff's second argument—that he would be considered disabled if Dr. Cole's opinions were assigned

---

[50] *Id.* at 63–64.

[51] *Id.* at 16.

[52] *Id.* at 17.

[53] *Id.* at 17–18.

[54] *Id.* at 22–23.

[55] *Id.* at 23–24.

7

proper weight—necessarily depends on the first. Therefore, the Court will first look to the ALJ's treatment of Dr. Cole.

An ALJ must review every medical opinion.[56] In reviewing the opinions of treating sources, the ALJ must engage in a sequential analysis.[57] First, the ALJ must consider whether the opinion is well-supported by medically acceptable clinical and laboratory techniques.[58] If the ALJ finds that the opinion is well-supported, then he must confirm that the opinion is consistent with other substantial evidence in the record.[59] If these conditions are not met, the treating physician's opinion is not entitled to controlling weight.[60]

This does not end the analysis, however. Even if a physician's opinion is not entitled to controlling weight, that opinion must still be evaluated using certain factors.[61] Those factors include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.[62]

---

[56] 20 C.F.R. § 404.1527(c).

[57] *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).

[58] *Id.*

[59] *Id.*

[60] *Id.*

[61] *Id.*

[62] *Id.* at 1301 (quoting *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001)).

After considering these factors, the ALJ must give good reasons for the weight he ultimately assigns the opinion.[63] If the ALJ rejects the opinion completely, he must give specific, legitimate reasons for doing so.[64]

As set forth above, Dr. Cole completed a physical assessment form in September 2017.[65] Dr. Cole opined that Plaintiff could walk two city blocks without rest or significant pain, sit for two hours in an 8-hour workday, and stand or walk for two hours.[66] Dr. Cole opined that Plaintiff would need to take daily unscheduled breaks that would last between two and three hours.[67] He further stated that Plaintiff would be absent from work more than four times per month.[68]

The ALJ assigned little weight to this opinion.[69] The ALJ stated that Dr. Cole's opinion did not account for the improvement Plaintiff experienced when taking pain medication.[70] The ALJ also found that, while Plaintiff had limitations, those limitations were not as significant as opined by Dr. Cole, as evidenced by Plaintiff's activities of daily living.[71]

---

[63] *Id.*
[64] *Id.*
[65] R. at 409–10.
[66] *Id.* at 409.
[67] *Id.*
[68] *Id.* at 410.
[69] *Id.* at 22.
[70] *Id.*
[71] *Id.*

9

The ALJ did not explicitly state that he was not giving Dr. Cole's opinion controlling weight. However, this fact is implicit in his decision.[72] Thus, the Court must determine whether the ALJ gave good reasons for the little weight he afforded Dr. Cole's opinion.

Plaintiff takes issue with the evidence the ALJ cited to support his statement that Dr. Cole's opinion did not account for the improvement Plaintiff experienced while taking medication. Plaintiff correctly points out that these records are from before Plaintiff's alleged onset date.[73] However, other records within the relevant time period support the ALJ's conclusion.[74]

It is well-settled that "an ALJ is not required to discuss every piece of evidence."[75] Thus, the fact that the ALJ did not cite to every medical record in support of his conclusion does not require reversal. Nor was the ALJ required to discuss all the medical records—like the treatment notes from Robert D. Armstrong, M.D.—as argued by Plaintiff. Moreover, the ALJ is required to consider all the evidence in the record, including evidence that pre-dates the alleged onset date.[76] It would have been error for the ALJ to disregard relevant evidence simply because it was created before the alleged onset date. To be sure, there is evidence in the record that might support the limitations opined by Dr. Cole. However, it is the ALJ's responsibility to resolve

---

[72] *Mays v. Colvin*, 739 F.3d 569, 575 (10th Cir. 2014) ("Because we can tell from the decision that the ALJ declined to give controlling weight to Dr. Chorley's opinion, we will not reverse on this ground.").

[73] R. at 358, 360, 367.

[74] *Id.* at 394, 398, 457, 468, 475.

[75] *Clifton*, 79 F.3d at 1009–10.

[76] *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008).

that conflicting evidence. The Court's role is to determine whether the ALJ's decision is based on substantial evidence, which it is.

Plaintiff next argues that the ALJ incorrectly relied on Plaintiff's activities of daily living to support his decision to afford Dr. Cole's opinion little weight. A plaintiff's daily activities may serve as a basis to give little weight to a treating physician's opinion.[77] However, "sporadic diversions do not establish that a person is capable of engaging in substantial gainful activity."[78]

As above, there were evidentiary conflicts the ALJ was tasked with resolving. Plaintiff testified to extreme limitations. Similarly, the Function Report he completed described serious limits. However, even this evidence contains a number of conflicts. For example, Plaintiff stated that he could walk up to 1/2 mile but then stated that he could only walk 300 feet before needing to stop and rest.[79] Similarly, Plaintiff's inability to do housework is less than clear.[80] Contrasting this evidence is the evaluation performed by Dr. Fakoya, which revealed mostly normal findings. While the medical expert at the hearing took issue with Dr. Fakoya's examination, it was the ALJ's duty, not the medical expert, to evaluate the medical opinion evidence. All of this evidence supports the ALJ's conclusion to give Dr. Cole's opinion little weight. Therefore, the ALJ's decision will be affirmed.

---

[77] *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994); *Newbold v. Colvin*, 718 F.3d 1257, 1266 (10th Cir. 2013).

[78] *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984).

[79] R. at 274.

[80] *Id.* at 270–71.

IV.  CONCLUSION

Having made a thorough review of the entire record, the Court hereby AFFIRMS the decision below.

DATED this 19th day of August, 2020.

BY THE COURT:

_____
Paul Kohler
United States Magistrate Judge